GAMALIEL HUGGANS, RESPONDENT, *v.* CHRISTOPHER RILEY, COMMISSIONER OF HIGHWAYS OF THE TOWN OF LEXINGTON, GREENE COUNTY, N. Y., APPELLANT.

*Bridges over streams crossing public highways — right of the highway commissioner to construct them — powers of boards of supervisors — chap. 855 of 1869 and chap. 482 of 1875.*

When a highway is lawfully laid out it becomes the duty of the commissioner of highways to open and work it; in doing which, where it is necessary, he is authorized to construct bridges over any streams which are crossed by such highway.

*Mather* v. *Crawford* (36 Barb., 564) followed.

Although the contract for the construction of a bridge is made by a highway commissioner before the highway upon which the bridge is to be used has been laid out, yet after such highway has been laid out the commissioner may cause the bridge to be constructed in accordance with such contract, notwithstand-

ing the fact that his action in entering into such contract was, at the time it was made, illegal.

The power conferred upon boards of supervisors by chapter 855 of 1869, and chapter 482 of 1875, to provide for the location, erection, repair and purchase of bridges, does not deprive a commissioner of highways of the right to repair a bridge (given to him by 1 Rev. St., 502, § 1, sub. 4) over a stream which intersects a highway, nor does it take away his power to construct a bridge over such a stream, provided the commissioner has the necessary funds to pay therefor.

APPEAL by the defendant from a judgment, entered on the 23d day of April, 1888, at the Greene County Circuit, after a trial before the court without a jury.

The action was brought to restrain the defendant from erecting a bridge at a place called Deep Hole, in the town of Lexington.

The judgment was to the effect that the plaintiff was entitled to maintain this action ; that said bridge had never been located at the Deep Hole, so-called, by the board of supervisors of Greene county, or by any other competent authority ; that said defendant was wasting and injuring the estate, funds and other property of the town of Lexington, Greene county, N. Y.; that the said defendant, his successors, agents, servants and contractors be and they were and each of them was thereby restrained and enjoined from erecting the said bridge at the said Deep Hole, and from wasting and expending the property and funds of said town of Lexington in the erection of said bridge, until the said board of supervisors or the legislature of this State shall locate the site for said bridge or authorize the location thereof.

*John A. Griswold*, for the appellant.

*Emery A. Chase*, for the respondent.

LEARNED, P. J.

The action is brought by a citizen and taxpayer of the town of Lexington, pursuant to section 1925 of the Code of Civil Procedure, to restrain the defendant, the commissioner of highways of that town, from erecting a bridge. The ground of the action is that, as alleged, the bridge had not been legally located at the point where the commissioner was in the act of constructing it. It is plainly not within the power of this court to consider whether the place selected

by the commissioner is or is not the best possible. The position taken by the plaintiff and by the learned justice of the Special Term is that no place had been legally selected ; that the power to select the place was in the legislature and in the board of supervisors ; that neither of these bodies had acted, and that the action of the commissioner in selecting the place was not authorized by law, It appears by the findings and evidence that on the 25th of April, 1887, the defendant, as commissioner of highways, made an order laying out a highway which crossed the Schoharie creek at Deep Hole, the place where this bridge was, at the time of the commencement of this action, in process of erection. We do not see that any objection is made to the regularity of the proceedings to lay out this highway. It seems to form a connecting link between two highways, one lying on each side of the creek. And the authority of the commissioner of highways, upon proper application, to lay out a new highway cannot be questioned. The proceedings in this instance are shown in the case, and no irregularity is pointed out.

When a highway is lawfully laid out it becomes the duty of the commissioner to open and work it. In doing this it is plainly necessary to construct bridges over any streams crossed thereby. Evidently he would be obliged to construct culverts for little runs of water And when, instead of a little run of water, a stream of some size crosses the highway thus laid out, it must be within his power and duty (when provided with the necessary means), to construct a proper bridge as a part of the highway. This was the view taken in *Mather* v. *Crawford* (36 Barb., 564), where it is said that the commissioners of highways are required to keep in repair bridges erected over streams intersecting highways, and that by implication they are authorized to build new bridges in such cases.

Now it is true that, in the present case, the contract to build the bridge was made before the highway was laid out, of which the bridge will now form a part. But, although the commissioner may have exceeded his power in making the contract, yet it does not follow that he may not now cause the bridge to be constructed, and that he may not, for that purpose, carry out that contract. A similar question arose in *People* v. *Meach* (14 Abb. [N. S.], 429), as will be seen at page 433. The learned justice, speaking of the objection that no road was connected with the bridge, says : "Such road or

highway is now laid out and being worked. This, I think, removes the objection, or at least makes the location of the bridge proper from that time," etc. At the time the present action was commenced, the highway had been laid out by the commissioner; so that the objection that the bridge was not a part of a highway had been removed.

But it is urged by the plaintiff that chapter 855 of the Laws of 1869, and chapter 482 of the Laws of 1875, give power to the board of supervisors to provide for the location of bridges. This first act gives such boards power to provide for the location, erection, repair and purchase of any bridge except over navigable streams. Does this power deprive a commissioner of highways of the right to repair a bridge over a stream intersecting a highway? 1 Revised Statutes (m. p. 502, § 1, sub. 4) expressly gives the power of repair to such commissioners. It cannot be that the statute above cited takes this away, so that a commissioner cannot make any repairs; but the board of supervisors must do such work. It seems evident, therefore, from this use of the word repair, that the statute giving this power to the board of supervisors did not take from the commissioner of highways the power he had possessed. Whatever, then, the object of this statute, we cannot think that the commissioner of highways may not now construct a bridge over a stream intersecting a highway, if he has the necessary funds. The lawful laying out of the highway is a practical locating of any bridge which is needed to cross a stream intersecting such highway. No other locating seems needed, or even possible. Where the highway crosses the stream, there the bridge must be. It seems to us that this view practically disposes of this case. The authority to raise the necessary funds has been given. The board of supervisors have not (if they had the power to do so) determined the location of the bridge. The commissioner is proceeding to build this bridge as a part of a highway duly laid out, and we think he should be allowed to go on with his work.

There is evidently a disagreement of views among the inhabitants of the town as to the place where the bridge should be built; and it seems quite proper that the matter should be settled by the proper officer of the town. It is certainly not a subject on which the legis-

lature can act wisely, and probably the board of supervisors cannot judge of the matter any better than the local authorities.

We think the judgment should be reversed, and a new trial granted, costs to abide the event.

LANDON and INGALLS, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.